UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIMBERLY SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-222 |
| | § | |
| NATIONAL RETAIL PROPERTIES INC.; | § | |
| dba NNN NATIONAL RETAIL | § | |
| PROPERTIES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Plaintiff Kimberly Smith (Smith) filed this action on May 10, 2016, in the 343rd Judicial District Court of San Patricio County, Texas, against Defendants National Retail Properties Inc. d/b/a NNN National Retail Properties, Inc. (NRP) and Tractor Supply Company (TSC) for personal injuries resulting from a fall in the parking lot of a Tractor Supply store. D.E. 1-1. She alleges severe and permanent damage to her shoulder, head, neck, back, and other body parts, including shock to her entire nervous system and seeks damages in excess of $1 million. *Id*. Her allegations regarding the parties further illustrated that both Defendants are foreign corporations and she is a citizen of Texas. *Id*.

TSC removed the action to this Court. Before the Court are Smith's motion to remand (D.E. 3) and a related motion to strike (D.E. 8). Defendants have responded to the motion to remand and Smith has replied. D.E. 14, 15. The parties do not dispute that the amount in controversy is within the jurisdictional requirements of diversity jurisdiction. Instead, they raise the following issues: (a) whether TSC gave appropriate

notice of removal to Smith; (b) whether the evidence of NRP's written consent was timely; (c) whether the email thread upon which Defendants rely to show NRP's consent to removal is competent; (d) whether TSC's representation, alone, of NRP's consent to removal was sufficient; and (e) whether Smith waived her objections to federal jurisdiction by seeking to strike certain defenses. The Court, sua sponte, raises the additional issue whether diversity jurisdiction exists in that there is presently no allegation or evidence of NRP's principal place of business.

For the reasons set out below, the Court DENIES Smith's motion to remand, DENIES Smith's motion to strike, and rejects Defendants' waiver argument as moot, but takes under advisement its own motion regarding whether diversity jurisdiction exists, pending proof of NRP's principal place of business.

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of significant federalism concerns. *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

## FACTS

Plaintiff served both NRP and TSC on May 16, 2016. D.E. 1-1. On June 15, 2016, TSC timely removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In so doing, TSC corrected Plaintiff's allegations of its citizenship,

stating that it is not a Tennessee corporation but a Delaware corporation with its principal place of business in Tennessee. D.E. 1. It stated that NRP is a Florida Corporation and claims diverse citizenship, but neither Plaintiff nor TSC alleged NRP's principal place of business. D.E. 1, 1-1. NRP did not join in the removal, but TSC alleged its consent in the body of the notice of removal. D.E. 1. No separate evidence of written consent was filed with the original removal documents.

On June 17, 2016, Smith timely filed her Motion to Remand (D.E. 3), complaining that TSC did not attach any evidence of NRP's written consent to the removal documents as required by 28 U.S.C. § 1446(b)(2)(A) and did not give her proper notice of its removal of the case. On the same day, this Court entered its Order (D.E. 5) requiring TSC to submit a list of all counsel of record—as required by Local Rule 81(6)—within three days. On June 20, 2016, TSC filed its First Supplemental Notice of Removal (D.E. 6), repeating the allegations and attachments of its original notice of removal, but adding a list of all counsel of record, along with a previously unattached redacted email thread with Matthew R. Maddox, purporting to be NRP's written consent to removal. D.E. 6-1, pp. 35-42.

Smith moved to strike the email thread as having been filed outside the 30-day deadline for removal and being incompetent to prove consent. She also points out that the Order (D.E. 8) permitting TSC to cure its Local Rule 81 removal procedure defect did not address this statutory defect in the rule of unanimity, necessary to support subject matter jurisdiction. Thus the Court had not granted any extension of time to file the written consent.

On June 24, 2016, NRP filed its Answer (D.E. 7), denying that it is a Florida corporation and alleging that it is a Maryland corporation. Still, there is no allegation of NRP's principal place of business. There is no new representation of consent to removal associated with the Answer. In their joint response to the motion to remand, both Defendants TSC and NRP take the position that TSC's representation of NRP's consent was accurate and sufficient and that the late filing of the email thread evidencing that written consent was not fatal. Because Smith also moved to strike certain of TSC's defenses, Defendants contend that Smith has waived remand on the basis that she has sought affirmative relief on the merits in this Court. D.E. 14. Smith replied, again arguing that the email thread is inadequate, citing its failure to satisfy Rule 11 signature requirements, and defending against the waiver of remand based upon her motion to strike. D.E. 15.

## DISCUSSION

### A. Notice that the Removal was Filed

Smith has not briefed her arguments concerning notice. As Defendants have pointed out, she filed her motion to remand just two days after removal, eliminating any question of opportunity to contest removal or prejudice from any alleged lack of notice. Thus the Court DENIES the motion for remand to the extent that it relies on any lack of notice.

### B. Adequacy of Consent for Rule of Unanimity

**Timeliness**. Smith relies on *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011), in arguing that TSC's failure to attach NRP's written consent to its original notice

of remand (D.E. 1) within the 30-day period is fatal to removal under 14 U.S.C. § 1446(b)(2)(A). In *Ortiz*, it was not just a failure to file confirming proof of consent but a complete failure of the removing party to obtain consent prior to removing the case. Consequently, the removal was not authorized by all served defendants.

Here, the proffered evidence demonstrates that NRP did, in fact, consent prior to removal. The notice of removal provided TSC's representation that NRP had consented. It was only additional evidence of TSC obtaining NRP's prior consent and authority to make that representation that was filed after the 30-day period. The Fifth Circuit has held that the 30-day time limit is not jurisdictional. *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 870 (5th Cir. 1983). A party is permitted to amend defective jurisdictional allegations under 28 U.S.C. § 1653, and that provision has been applied to removal jurisdiction. *See*, *Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961). The removal is not defeated by any untimely representation of NRP's consent.

**Email Evidence**. Smith suggests that the heavily redacted evidence of the email exchange between counsel for TSC and NRP is not competent evidence that NRP consented. Instead, she suggests that TSC strong-armed NRP, claiming that it would represent that it consented unless told otherwise. D.E. 8, p. 2 n.1. While the extreme redactions provide a less than ideal record of consent, the "unless you tell me otherwise" statement comes after attorney Maddox writes, "National Retail [redacted] is not opposed if Tractor Supply seeks removal." D.E. 6-1, p. 36. And it is followed by, "Yeah. [redacted]. Ok, go ahead." *Id.*, p. 35.

An email exchange is competent evidence of authority to consent. *See Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704, 708 (N.D. Tex. 2013) (making an *Erie* guess that Texas law would consider an email exchange to satisfy the requirement of a written agreement, referencing Tex. R. Civ. P. 11). As the Sixth Circuit observed, the competence of the evidence of the representation can be challenged by the other party if the representation is not accurate. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004). Thus any doubt remaining from the redactions is eliminated by NRP's joinder in the response to the motion to remand arguing that it timely consented. The nature of the evidence will not defeat removal.

**Authority**. The allegation of timely consent was included in the notice of removal by an attorney who NRP had authorized, in writing, to communicate that consent.[1] Contrary to Smith's argument, such an authorized representation of consent is not prohibited by *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). In *Getty Oil*, there was no evidence to substantiate that the removing party's representations were accurate. And the *Getty Oil* opinion is complicated by the fact that, at the time, the Fifth Circuit applied the first-served defendant rule, rendering untimely a later-served defendant's consent to removal outside the first-served defendant's 30-day period. The first-served defendant rule was eliminated by later revisions to 28 U.S.C. § 1446(b)(2).

---

[1] Courts in other jurisdictions have permitted the removing attorney to represent a co-defendant's authorized consent to removal. *See, e.g.*, *Mayo v. Board of Educ. of Prince George's County*, 713 F.3d 735, 741-42 (4th Cir. 2013) (courts routinely allow one attorney to represent the consent of other parties and grant or deny relief on that basis; applying that practice to consents to removal); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004) (attorney's authorized representation of consent is sufficient given that it is done under threat of sanction, including remand if the representation is false).

Here, TSC acknowledged that NRP had been served and stated that consent had been obtained from its attorney prior to the expiration of the 30-day period. That representation has now been substantiated. NRP's consent was timely given and an authorized representation to that effect was made on which the Court may rely. The Court DENIES the motion to remand on the basis that NRP's consent was not timely entered of record.

### C. Waiver of Objection to Removal

Because the Court has determined that the objections to removal are not meritorious, the Court need not, and does not, reach Defendants' arguments that Smith waived her objections to removal based on her motion to strike portions of TSC's answer.

### D. Principal Place of Business

Even if the parties do not point out defects in the Court's subject matter jurisdiction, the Court has the obligation to make its own review. *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). Corporate citizenship, for purposes of diversity jurisdiction, is determined not only by the state of incorporation, but by the location of the corporation's principal place of business. 28 U.S.C. § 1332(c)(1). This record does not contain an averment of Defendant NRP's principal place of business. Thus, this Court cannot determine whether diversity of citizenship exists in this case. Yet the parties are permitted to cure that defect under 28 U.S.C. § 1653. For that reason, the Court ORDERS NRP to state its principal place of business for the record.

## CONCLUSION

For the reasons set out above, the Court DENIES the motion to remand (D.E. 3) and DENIES the motion to strike the email exchange evidence (D.E. 8). The Court ORDERS NRP to file with the Court its statement of principal place of business on or before seven (7) days from the date of this Order.

ORDERED this 20th day of July, 2016.

*[Signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE